IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

          Plaintiff,

v.

CAPTAIN GEGARE, SECURITY DIRECTOR MILLER, GORDON, DR. ABRAMS, DEPUTY WARDEN ROMAN, MR. MALONE, OFFICER MILLES, McCLAIN, AGENT AMY LAMPONE, SUPERVISOR THOMAS SALTER, POWLEDGE, FLEMMING, SUPERVISOR ACKERMAN, P.S.U. STUWARD, DR. PLATO, and MS. TUNELL,

          Defendants.

OPINION and ORDER

18-cv-925-jdp

---

This case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A to determine whether it states a claim upon which relief may be granted. But pro se plaintiff David Darnell Nelson, Jr. has failed to file a pleading that provides fair notice of his claims as required by Federal Rule of Civil Procedure 8, so I am dismissing his complaint and supplements. But I will give him an opportunity to file an amended complaint that fixes the problem discussed in this opinion.

The problem is that Nelson has filed not only a complaint, but also almost a dozen additional supplements in which he purports to be raising different claims against different defendants. Dkts. 1, 7–16, and 18. (The defendants listed in the caption are those Nelson included in the first document he filed.) A case may have one operative pleading only; a plaintiff may not add to a complaint in piecemeal fashion. "[P]arties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket. If [plaintiffs] wish to amend their complaint, they must file a

proposed amended complaint that will completely replace the original complaint." *Boriboune v. Berge*, No. 04-cv-15-bbc, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005).

If claims are spread across many documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst v. Lockheed Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). To avoid ambiguity, the complaint must be self-contained. Because Nelson failed to comply with this basic requirement, I am dismissing the complaint and supplements without prejudice. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

Complaints cannot be a moving target, constantly changing throughout the lawsuit. At some point, Nelson must determine what his claims are.

I will give Nelson an opportunity to file a single pleading that encompasses all of his claims. If he chooses to do that, he should carefully consider whether he has included all of the necessary allegations against every defendant he wishes to sue. And he should include the name of each defendant in the caption of his complaint. Fed. R. Civ. P. 10(a).

ORDER

IT IS ORDERED that plaintiff David Darnell Nelson, Jr.'s complaint and supplements are DISMISSED without prejudice for failing to provide fair notice of his claims. Nelson may have until January 25, 2019, to file an amended complaint that includes all the claims he wishes

to bring and names all the defendants he wishes to sue. If Nelson fails to respond by the deadline, I will direct the clerk of court to close the case.

Entered January 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge