IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                Plaintiff,

v.

CAPTAIN GEGARE, SECURITY DIRECTOR MILLER,
WARDEN MALONE, DEPUTY WARDEN ROMAN,
DR. McLAIN (McCLAIN), AGENT AMY LAMPONE,     OPINION and ORDER
SUPERVISOR THOMAS SALTER, CORRECTIONAL
OFFICER POWLEDGE, C.O. MILLER,                        18-cv-925-jdp
CORRECTIONAL OFFICER FLEMING,
CORRECTIONAL OFFICER McWILLIAM,
SUPERVISOR ACKERAN, P.S.U. SUPERVISOR DR.
ABRAMS, HEALTH SERVICE MANAGER TUNELL,
SGT. MORALES, and SUPERVISOR DOLLOR,

                Defendants.[1]

---

Pro se plaintiff David Darnell Nelson, Jr. has filed a complaint about his treatment at the Milwaukee Secure Detention Facility. In a previous order, I concluded that Nelson's complaint violated Rule 20 and Rule 21 of the Federal Rules of Civil Procedure because it included unrelated claims against different defendants. Specifically, his complaint included three potential lawsuits:

Lawsuit No. 1:

- Captain Gegare watched Nelson while Nelson was naked and showering;

- When Nelson tried to stop Gegare from watching him, Gegare, Supervisor Ackerman, Correctional Officer Powledge, Correctional Officer Flemming, and Correctional Officer McWilliam used excessive force on him;

---

[1] I have amended the caption to reflect all of the defendants named in the amended complaint.

- Gegare told Nelson to kill himself to retaliate against Nelson for filing a grievance.

Lawsuit No. 2:

- Various prison officials took Nelson out of protective confinement without providing him adequate mental health treatment.

Lawsuit No. 3:

- Dr. McLain wouldn't send Nelson to the hospital when he was vomiting, spitting up blood, and suffering from other symptoms related to ulcers.[2]

I directed Nelson to identify which of these potential lawsuits he wanted to pursue and which ones he wanted to dismiss without prejudice to refiling them at a later date.

In his response to the court's order, Nelson makes two requests. First, he says that he wants to pursue all three of the potential lawsuits, but he does not object to the court severing them. Second, he asks the court to transfer the case to the United States District Court for the Eastern District of Wisconsin because all the events relevant to his claims occurred there. Dkt. 23. He also filed a separate motion for assistance in recruiting counsel. Dkt. 24.

Nelson is correct that the case belongs in the Eastern District. Under 28 U.S.C. § 1391(a) and (b), venue is proper in a district where one or more of defendants reside or where a substantial part of the relevant events occurred. All of the events in this case occurred at the Milwaukee Secure Detention Facility, which is in the Eastern District of Wisconsin. Because the defendants are employees at the facility, they likely live in the same district.

So I will grant Nelson's motion to transfer. Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district, a court may transfer the case to the district where venue is improper. I

---

[2] Nelson also alleged that he had been incarcerated unlawfully, but I dismissed that claim because he must raise it in a petition for a writ of habeas corpus after he exhausts his remedies in state court. Dkt. 21, at 5.

will allow the transferee court to decide in the first instance whether and how to sever Nelson's cases and how it wishes to resolve Nelson's request for assistance in recruiting counsel.

ORDER

IT IS ORDERED that plaintiff David Darnell Nelson, Jr.'s motion to transfer, Dkt. 23, is GRANTED. This case is TRANSFERRED to the U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

Entered April 8, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge